■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SPAIGHT, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree and criminal possession of a weapon in the second degree. The victim was defendant's wife; the cause of her death was a .22 caliber bullet wound to the head; and the bullet entered the left side of her forehead and lodged at the right rear of her head. The homicide occurred in the marital home sometime during the early morning on March 9, 1980. It is undisputed that only one shot was fired and that at the time the only persons in the home other than defendant and the victim were four small children who were asleep. Defendant testified, in effect, that the victim committed suicide in his presence. The medical examiner testified that he found powder residue on the left side of the victim's face which spread across an area of 7.48 inches. A police officer was qualified as an expert in ballistics and he testified that he observed powder stippling on the victim's face having a 6½ to 7 inch pattern. He further testified that, using the same type and brand of ammunition as the death-causing bullet, and a target cotton placed in a frame, he test-fired defendant's gun at various distances from the target. He stated that in order to achieve a powder residue pattern of 6½ to 7 inches, the gun had to be fired at the target from a distance of approximately 20 to 25 inches. He further testified that his findings were based solely on the size of the pattern and that the material used for the target would not affect his

result. Defendant argues that the dissimilarity between the cotton and the victim's skin necessarily rendered the tests unreliable and inadmissible (see *People v Fiori*, 123 App Div 174). There must be a sufficient showing of reliability of the test results before scientific evidence may be introduced (*People v Gower*, 42 NY2d 117). The ballistics expert testified that the size of the powder residue pattern on the victim's skin would not vary because of the material used as a target in the test. It was also demonstrated that the test firings were made with the same gun and the same kind of ammunition. The principles of the tests were simple and easily understood by the jury, cross-examination of the expert was thorough, and there is no reason to conclude that the jury was unable independently to weigh the probative value of the evidence. Given the plain and limited purpose for which the evidence was offered, i.e., to demonstrate the approximate distance of the gun muzzle from the victim when the gun was fired, its admission was proper (cf. *People v Cohen*, 50 NY2d 908). Defendant also argues that since the People's case rested wholly on circumstantial evidence, the proof was insufficient to exclude to a moral certainty every reasonable hypothesis of innocence (see *People v Benzinger*, 36 NY2d 29). We disagree. On reviewing the evidence in its totality and in the light most favorable to the People (*People v Kennedy*, 47 NY2d 196), we find that the burden of proof beyond a reasonable doubt was satisfied (see *People v Barnes*, 50 NY2d 375, 380-381). The evidence points compellingly to defendant's guilt. The defendant and the victim were the only adults in the home at the time of the shooting. The bullet causing death was fired from defendant's gun, which the victim had never used and which defendant always kept hidden. The victim was right handed but the ballistics expert testified that powder residue made it highly unlikely that she fired the gun with her right hand. Defendant testified that the victim fired the gun with her left hand. From the results of the test firings of the gun, the jury could reasonably conclude that defendant's testimony was false and that the victim did not fire the weapon. There was strong evidence of unreasonable delay between the time of the shooting and defendant's attempt to call either the police or an ambulance. This and other evidence of defendant's suspicious conduct and false explanations were sufficient to satisfy the burden of proof. We have examined defendant's other contentions, and of those which have been preserved for review, we find no basis for reversal. The court's charge as to "consciousness of guilt" was proper in light of the evidence (see *People v Ruberto*, 10 NY2d 428; *People v Leyra*, 1 NY2d 199; see, also, *People v Benzinger, supra*), and the prosecutor's questions on cross-examination and comments on summation were not so improper as to justify reversal (see *People v Galloway*, 54 NY2d 396). (Appeal from judgment of Monroe County Court, Bergin, J. — murder, second degree, and another charge.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.