■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY L. MOREY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered November 23, 1983, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Defendant was convicted after trial of manslaughter in the first degree as charged in the second count of the indictment. He was acquitted of the charge of murder in the second degree charged in the first count. The crime involved the death of defendant's girlfriend. She was stabbed with a two-tined kitchen fork on September 23, 1982 and her body was buried under the porch of the apartment house in which defendant resided. The body, wrapped in a mattress and bound by a rope, was not discovered until September 30, 1982.

On the preceding day, defendant had told a co-owner of the apartment building, James Rood, that he had killed someone and "it was underneath the back porch". Upon investigation in the cellar, Rood and his friend, Tony Hernandez, noted a foul odor that had persisted for a few days previously. Rood reported the fact to the police department but did not then convince the police to investigate. After hiding Hernandez and another friend, Walter Kane, under the porch, Rood called defendant to the cellar and asked him what he was going to do about the smell. Defendant replied that he was stuffing rags around the cracks and was spraying "Wizard Spray". Afterwards, Rood returned to the police station and, on September 30, 1982, Officer Walter Warner went to the apartment house to investigate. After noticing the bad odor, he saw a man in the downstairs apartment through an open door. The man, later identified as defendant, accompanied the officer to the cellar and "blurted out" incriminating statements such as "I got rid of her", "my girl didn't want the baby, I stabbed her" and she's "there where they're looking". Defendant's girlfriend had recently given birth to defendant's child and the parties were in the process of deciding whether to retain custody.

A search of defendant's apartment produced an ax and a long-handled fork. The pathologist who testified for the prosecution stated that the cause of death was penetrating wounds of the left chest and that the ends of the fork "absolutely and exactly filled the wounds in the upper left chest".

As outlined above, this testimony amply supported the

jury's verdict of manslaughter in the first degree *(see, People v Benzinger,* 36 NY2d 29; *People v Spaight,* 92 AD2d 734). For a second offender, the prison sentence of 12½ to 25 years, considering the violent nature of the crime and defendant's past record, was appropriate. The judgment of conviction should therefore be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.