■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LOFFREDO and CHARLES ALBERT, Appellants.—Appeal by the defendant Ralph Loffredo from a judgment of the Supreme Court, Kings County (Shea, J.), rendered March 6, 1986, convicting him of burglary in the third degree (two counts) and petit larceny, upon a jury verdict, and sentencing him to concurrent determinate terms of one year's imprisonment on each of the burglary in the third degree convictions and six months on the petit larceny conviction. The defendant Charles Albert appeals from a judgment of the same court, rendered March 3, 1986, convicting him of burglary in the third degree (two counts) and petit larceny, upon a jury verdict, and sentencing him to concurrent determinate terms of one year's imprisonment on each of the burglary in the third degree convictions and six months on the petit larceny conviction.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed to concurrent terms of intermittent imprisonment for a period of one year on the burglary convictions, and concurrent terms of intermittent imprisonment of four months on

the petit larceny convictions, to be served on consecutive weekends from 6:00 P.M. Friday until 6:00 P.M. Sunday; as so modified, the judgments are affirmed and the cases are remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendants' contentions that they were deprived of a fair trial as a result of improper and prejudicial comments by the prosecutor are without merit. None of the comments was so egregious as to constitute reversible error, and any prejudice to the defendants was mitigated by the trial court's prompt curative instructions.

However, without deprecating the seriousness of the offenses of which the defendants stand convicted, the court is of the opinion that the interest of justice would be best served by the imposition of intermittent sentences. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.