■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GENNARO TESTAVERDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered July 18, 1986, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant stands convicted of grand larceny in the second degree in connection with the theft of an automobile. Despite the strong evidence of guilt adduced at the trial, we conclude that reversal is required because the defendant did not receive a fair trial.

Twice during the cross-examination of the arresting officer, defense counsel made inquiry as to his rationale for believing that the defendant was in illegal possession of the vehicle. These colloquies proceeded as follows:

"Q. Now isn't it correct that when you looked outside your window when you first saw Mr. Testaverde in that vehicle, you believed he didn't have a driver's license for that car; right?

"A. That's correct.

"Q. Even before you noticed the trunk lock was missing you believed that; isn't that correct?

"A. That's correct.

"Q. Even before you noticed that the window was missing in that car, you thought that; right?

"A. Yes.

"Q. Now, isn't it also correct that even before you went to say anything to Mr. Testaverde you believed that he had stolen that vehicle?

"A. My experience as a police officer.

"Q. Didn't you believe—that is the only question I am asking you—didn't you believe that he was illegally in possession of that vehicle?

"A. My experience told me that, yes. * * *

"Q. And as I asked you before, it is fair to say that even before you asked Mr. Testaverde any question, you believed that he was illegally in possession of that vehicle; right: You said you believed that? Yes or no.

"A. Based on my experience as a police officer.

"Q. You believed that; right?

"A. That's correct.

"Q. And that was even before he told you he didn't have any papers for the car; right?

"A. That's correct.

"Q. And certainly before you had ever even asked him for the name of that person you say you asked him for; right?

"A. Correct."

On redirect examination, the prosecutrix engaged in the following line of questioning which was permitted by the Trial Judge on the ground that the door to such testimony had been opened:

"Q. You testified on cross that you believed that he had no license. What did you base that belief on?

"A. Being in the precinct.

"MR. SECULAR [defense counsel]: Objection.

"THE COURT: Overruled.

"Go ahead.

"Q. Go ahead.

"A. Being in the precinct, working in that area. I have seen Mr. Testaverde, also.

"MR. SECULAR: Objection

"THE COURT: Overruled

"A. He has also been arrested by—

"MR. SECULAR: Objection

"THE COURT: Overruled.

"Counsel, you have a standing objection to the answer and the question. The standing objection is overruled. The door has been opened.

"Go ahead.

"A. He also has been arrested by fellow officers in my precinct.

"Q. For what?

"A. For burglary, GLA.

"Q. By 'GLA,' what do you mean?

"A. Grand larceny auto.

"Q. Did you ever see Mr. Testaverde with another car in a matter that encouraged you to take police action?

"A. Yes.

"Q. What happened then?

"A. At that time he went into a car on—

"MR. SECULAR: Objection.

"THE COURT: Overruled.

"A. (Continuing)—by the Fire Department, on Richards Street.

"Q. And when was this?

"A. This was in the summer, also of '84.

"Q. And what happened then?

"A. At that time the fireman that was working at the time at that Fire Department, he refused to press any charges.

"Q. And what did you see Mr. Testaverde do again?

"A. He was breaking into the auto.

"Q. So this is your experience that you talked about, that based on your experience you believed—it raised your suspicion; is that correct?

"A. That's correct."

Thereafter the court did not provide the jury with an instruction on the limited purpose of this testimony.

Although evidence of similar uncharged crimes may have probative value, generally it is excluded for policy reasons, because of the danger that it will induce the jury to base a determination of guilt upon collateral matters or to convict a defendant because of his past (see, *People v Alvino,* 71 NY2d 233, 241; *People v Lewis,* 69 NY2d 321, 325). However, evidence of prior uncharged crimes may be received into evidence if it helps to establish an element of the crime charged or is relevant because of a recognized exception to the general rule (see, *People v Alvino, supra; People v Jackson,* 39 NY2d 64; *People v Molineux,* 168 NY 264, 293).

Based upon the record before us, we hold that the trial court improperly permitted the redirect testimony of the arresting officer detailing the defendant's involvement in what were nearly identical uncharged crimes. Under no view of the evidence can it be said that the probative value of this testimony exceeded its prejudice to the defendant (see, *People v Ely,* 68 NY2d 520, 529). We further reject the conclusion that the cross-examination by defense counsel "opened the door" to the subject redirect testimony (see, *People v Melendez,* 55 NY2d 445). Despite the quantum of evidence against the defendant we cannot say that the causal effect the error may nevertheless have had upon the jury was harmless (*People v Crimmins,* 36 NY2d 230, 240; *see also, People v Hamlin,* 71 NY2d 750).

Although no objection was made by defense counsel to the

court's submission to the jury of a verdict sheet defining the elements of the crimes charged, we reach the issue in the interest of justice and conclude that it was improper for the court, after reciting its instructions orally, to submit a verdict sheet containing only certain portions of that charge to the jury for use in its deliberations (see, People v Nimmons, 72 NY2d 830; People v Brooks, 70 NY2d 896; People v Owens, 69 NY2d 585).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.