■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONNY RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered October 29, 1986, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the conviction must be reversed and a new trial ordered because his right to a fair trial was violated by the extensive and inappropriate introduction of evidence relating to his involvement in uncharged crimes. Essentially, these included a series of threats and violent acts indicating a pattern of extortion.

Raphael Pena, the principal defense witness, owned two grocery stores on Fulton Street in Brooklyn. On September 19, 1985, the defendant entered one of the stores and robbed the store clerk, Nelson Hernandez, at gunpoint. The following day, September 20, 1985, the defendant went to Pena's other store and, brandishing a gun, demanded money from Pena. Enercido Nunez, a store employee, struck the defendant in the

head with a baseball bat when he observed the gun. The defendant, in a semiconscious state, was arrested immediately following the incident at the store.

At trial, Pena denied that the defendant possessed a gun or demanded money when he came to the store on September 20, 1985. In an effort to ascertain Pena's motive for essentially denying that the defendant committed these crimes, the prosecutor elicited testimony from Pena on cross-examination that the defendant "slapped Nelson", used a bat to "smash up" Pena's car, locked Pena out of his store and threatened him with a bat in order to obtain money, and was "bothering Nelson" by taking money from the store. Pena, did, however, deny that the defendant threatened to kill him if he called the police. Additionally, Pena testified that his store was burglarized and ransacked following the defendant's arrest and denied that the defendant warned him not to appear in court. Finally, Pena denied he informed the police or the District Attorney's office that the defendant entered his store and demanded money or told the prosecutor that the defendant threatened to kill him if he called the police.

The principle is well established that evidence of uncharged criminal conduct and offenses is inadmissible if offered to establish a defendant's criminal predisposition (People v Alvino, 71 NY2d 233, 241; People v Lewis, 69 NY2d 321, 325; see, People v Beckles, 128 AD2d 435, 438, lv denied 69 NY2d 1001; People v Testaverde, 143 AD2d 208). Where, on the other hand, evidence of such crimes is probative of an issue in the case, its admissibility depends on whether the probative value of such evidence outweighs its prejudicial impact (People v Ventimiglia, 52 NY2d 350, 359; People v Beckles, supra). "In principle, there appears no compelling reason why such evidence directly bearing on the motive to testify of a critical witness in a criminal trial, whose motive is important to an evaluation of [his] credibility * * * may not be considered as serving an appropriate probative purpose" (People v Beckles, supra, at 439; see, People v Thomas, 46 NY2d 100, 105; Richardson, Evidence § 503 [Prince 10th ed]).

The evidence of the defendant's prior extortive conduct and violence, which was almost completely unobjected to, was sufficiently probative of Pena's motive to testify on the defendant's behalf to warrant its admission (cf., People v Beckles, supra). Moreover, the prosecutor properly laid a foundation for the witness's purported prior inconsistent statements (Richardson, Evidence § 502 [Prince 10th ed]). In any event, the quantum of credible evidence against the defendant per-

mits the finding that any error in this respect was harmless *(People v Crimmins,* 36 NY2d 230, 240; cf., *People v Testaverde, supra).*

Finally, we find that the alleged instances of errors in the prosecutor's summation are unpreserved for appellate review (CPL 470.05 [2]) or were promptly mitigated by the court's curative instructions *(see, People v Perez,* 132 AD2d 579; *People v Loffredo,* 132 AD2d 711, 712). Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.