FOURTH DEPARTMENT, JUNE, 1991

(June 7, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIXTO JANSEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale and criminal possession of cocaine. On appeal, he contends that the court abused its discretion in admitting rebuttal testimony and that his conviction is against the weight of the evidence.

The rebuttal testimony was properly admitted. The Court of Appeals has defined proper rebuttal evidence as " 'not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove' " *(People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047, quoting *Marshall v Davies,* 78 NY 414, 420). Here, contrary to defendant's contention, the rebuttal testimony could not have been offered as part of the People's direct case. It was offered merely to disprove an affirmative fact that the defense had attempted to prove. The court allowed the witness to testify that, at specified times, an individual of a certain description, driving a certain vehicle, left and returned to the house where the drug sale was consummated. The court explicitly precluded the witness from identifying that individual as defendant. It was not initially probative of the People's case against defendant that an individual left and returned to the house shortly prior to the drug sale. That testimony was rendered probative, however, when defendant, in an attempt to establish his claim of alibi and mistaken identity, testified that he had been driving that vehicle elsewhere that night.

Turning to defendant's remaining contention, we conclude that the jury did not fail "to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Onondaga County Court, Mulroy, J.

—Criminal Sale Controlled Substance, 3rd Degree.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.