■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FOLK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered January 24, 1989, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was deprived of a fair trial as a result of the trial court's ruling which permitted the prosecution on redirect examination of the defendant's paramour to adduce evidence of uncharged crimes. This evidence consisted of allegations by the paramour of domestic violence against her including testimony regarding an attempt to strangle her. While this testimony concerned an incident similar in nature to the crime for which the defendant was being tried, it nevertheless was probative of the paramour's motivation for offering testimony which tended to negate the voluntariness of the defendant's confessions. Indeed, the defendant's paramour testified that the confessions were elicited in disregard of the defendant's repeated requests for the assistance of an attorney. However, as the paramour also testified of threats made by the defendant, including the threat that she would have "reason to be in great fear" if she spoke up, the evidence of the defendant's past acts of aggression was probative of her motivation to offer exculpatory testimony as the jury was entitled to know that

the paramour might have testified falsely out of fear *(see, People v Rodriguez,* 143 AD2d 854).

In any event, assuming that the prejudicial impact of this evidence outweighed its probative value and that the admission into evidence of proof of uncharged crimes was therefore error, in light of the overwhelming evidence of the defendant's guilt there is no significant probability that such error might have contributed to the defendant's conviction *(cf., People v Testaverde,* 143 AD2d 208; *People v Beckles,* 128 AD2d 435), and the admission of that evidence at trial was harmless *(see, People v Rodriguez, supra; see also, People v Crimmins,* 36 NY2d 230). Indeed, the defendant confessed to the instant crime to his paramour, then to investigating detectives and finally to an Assistant District Attorney before a video camera *(see, People v Aveille,* 148 AD2d 461; *People v Morey,* 119 AD2d 929). Moreover, there was ample evidence that these confessions were voluntarily obtained following knowing, intelligent and voluntary waivers of the defendant's constitutional rights *(see, People v Hamilton,* 138 AD2d 625). Finally, there was additional evidence corroborating the defendant's confessions (CPL 60.50; *see, People v Constantine,* 35 AD2d 613).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.