■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DENNIS, Appellant. [616 NYS2d 121] —Judgment unanimously affirmed. Memorandum: The record supports the conclusion that defendant knowingly, voluntarily, and intelligently waived his right to be present at sidebar conferences with potential jurors during voir dire (see, People v Epps, 37 NY2d 343, 350, cert denied 423 US 999; People v Howard, 206 AD2d 844 [decided herewith]). Supreme Court explained to defendant that he had the right to step up to the bench along with defense counsel, but suggested the alternative that defense counsel alone participate in the conferences and keep defendant apprised of the jurors' responses. Defendant indicated his desire to choose that alternative and defense counsel concurred. Defendant's reliance upon People v Brockenshire (197 AD2d 921, lv denied 82 NY2d 848) is misplaced because there defense counsel's consent to defendant's absence from a Sandoval hearing was made outside of defendant's presence. Here, defendant was present and the court informed him of his right to be present at sidebar conferences.

Defendant did not object to the court's supplemental instructions on the justification defense; therefore, his present argument that the supplemental instructions were erroneous is not preserved for review (see, CPL 470.05 [2]; People v Gonzales, 56 NY2d 1001). We decline to review the issue as a

matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). Finally, defendant was not denied effective assistance of counsel by counsel's waiver of a pretrial suppression hearing. Defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's action *(see, People v Rivera,* 71 NY2d 705, 709; *People v Brown,* 122 AD2d 546, *lv denied* 68 NY2d 810). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.