■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE HOWARD, Appellant. [616 NYS2d 122] —Judgment unanimously affirmed. Memorandum: A defendant has a fundamental right to be present at material stages of the trial, including the sidebar questioning of a prospective juror when the purpose of the questioning is "intended to search out a prospective juror's bias, hostility or predisposition to believe or discredit the testimony of potential witnesses" *(People v Antommarchi,* 80 NY2d 247, 250, *rearg denied* 81 NY2d 759; *see, People v Sloan,* 79 NY2d 386, 392). Here, the sidebar questioning of the prospective juror, who thereafter was seated as a juror, was a material stage of the trial, but defendant made a voluntary and intelligent waiver of his right to be present *(see, People v Parker,* 57 NY2d 136, 141). The trial court offered defendant the alternatives of placing "private discussion[s]" with prospective jurors on the record in the absence of the other jurors, or waiving his presence at such discussions, and both defendant and defense counsel chose the latter alternative *(see, People v Dennis,* 206 AD2d 843 [decided herewith]). We reject defendant's contention that the court was under an obligation, before accepting the waiver, to recite the reasons for defendant's right to be present *(see, People v Antommarchi, supra).*

Defendant's remaining contention is not preserved for review *(see,* CPL 470.05 [2]), and we decline to review it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Assault, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.