■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GIOMUNDO, Appellant. [619 NYS2d 894] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, following a jury trial, convicting him of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and petit larceny (Penal Law § 155.25) for stabbing a man to death and stealing items of personal property from his home. We reject defendant's contention that Supreme Court erred in admitting DNA test results into evidence. Such test results have been accepted as reliable by the relevant scientific community and, because a proper foundation was laid, they were admissible at trial *(see, People v Wesley,* 83 NY2d 417; *Frye v United States,* 293 F 1013).

Viewing the evidence, as we must, in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we conclude that it is legally sufficient. The palm print evidence, the DNA test results, defendant's hand cut, and defendant's possession of the fruits of the crime, although circumstantial in nature, all lead to a conclusion of guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence *(see, People v Betancourt,* 68 NY2d 707; *People v Cabrera,* 188 AD2d 1062, 1063; *People v Murray,* 168 AD2d 573). The testimony of defendant that he was innocently present at the murder scene after the crime occurred merely raised an issue of credibility for the jury *(see, People v Gruttola,* 43 NY2d 116, 122). We conclude that the jury did not fail to give the evidence the weight it should have been accorded and that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

The court did not err in admitting a photograph of decedent as rebuttal evidence. The photograph was redacted to minimize any potential prejudice and was relevant to counter the testimony of defendant that he saw decedent's face when he innocently came upon the murder scene *(see, People v Harris,*

57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Jansen,* 174 AD2d 968, *lv denied* 78 NY2d 955).

In view of the brutal nature of the crime and defendant's extensive criminal history, the court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.— Murder, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.