■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PONDEXTER, Appellant. [626 NYS2d 819] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered February 24, 1993, convicting him of murder in the second degree, robbery in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant waived his right to be present at the side-bar conferences during the voir dire. However, he contends that, by telling him that he would be surrounded by court officers during those conferences, the court exerted so much leverage upon him that his waiver was not voluntary.

It is settled that a defendant has a fundamental right to be present at side-bar conferences to hear questions to and answers from venire persons to assess their bias, hostility, or predisposition to credit or discredit the trial evidence *(see, People v Antommarchi,* 80 NY2d 247, 250). To effectively waive this fundamental right, a defendant must do so knowingly, voluntarily, and intelligently *(see, People v Epps,* 37 NY2d 343, 349-350, *cert denied* 423 US 999; *People v Underwood,* 201 AD2d 597).

We find that the defendant knowingly, voluntarily, and intelligently waived his right to be present at the side-bar conferences during voir dire. The defendant was fully apprised of his right to be present, and he had two contemporaneous discussions with his counsel regarding the waiver. Indeed, the voluntary nature of the defendant's waiver is evidenced by his ability to choose between waiving his right to be present at the side-bar conferences and being accompanied by court officers at those conferences. That the defendant did not favor being accompanied by court officers does not mean that he

was deprived of his right to be present *(see, People v Gloster,* 175 AD2d 258, 260).

The defendant contends that it was error to allow the People to elicit testimony on cross-examination concerning threats that were made to a defense witness. However, this testimony was admissible to explain inconsistent statements elicited by the defense counsel on direct examination *(see, People v Wilson,* 195 AD2d 493). While the testimony was prejudicial, its probative value outweighed its prejudical effect because it showed the witness's motivation to testify, which was important to an evaluation of her credibility *(see, People v Ventimiglia,* 52 NY2d 350, 359; *People v Rodriguez,* 143 AD2d 854, 855; Richardson, Evidence § 503 [Prince 10th ed]). Further, the trial court minimized the prejudicial effect of the testimony by instructing the jury that it was admitted for the purpose of showing the witness's state of mind *(cf., People v Leon,* 121 AD2d 1, 9-10).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.