■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE COUSART, Appellant. [629 NYS2d 452] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 5, 1993, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, and criminal possession of burglar's tools under Indictment No. 4427/92, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered May 5, 1993, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a term of imprisonment upon his prior conviction of criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle in the third degree under Indictment No. 7771/90.

Ordered that the judgment and amended judgment are affirmed.

Contrary to the defendant's contention that he was deprived of his right to be present at side-bar conferences during the voir dire, we find that he knowingly, voluntarily, and intelligently waived that right (*see, People v Epps*, 37 NY2d 343, 349-350, *cert denied* 423 US 999; *People v Underwood*, 201 AD2d 597). The defendant, who was present during the discussions between the court and his counsel regarding side-bar procedures and courtroom security, was apprised of his right to be

present and the consequences of his waiver. The defendant's awareness of this right was further established when the court ascertained that the defendant was indeed waiving this right. That the defendant waived his right because he did not favor being accompanied by two court officers whenever he was to approach the bench does not mean that he did not have a choice in exercising his right to be present (*see, People v Moton*, 215 AD2d 781; *People v Pondexter*, 215 AD2d 409; *People v Gloster*, 175 AD2d 258, 260).

The defendant's remaining contention is unpreserved for appellate review (*see,* CPL 470.25 [2]; *People v Johnson*, 154 AD2d 618, 619).

In light of the determination on the appeal from the judgment, there is no basis for vacatur of the defendant's admission that he violated a condition of the probation previously imposed under Indictment No. 7771/90 (*cf., People v Clark*, 45 NY2d 432). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.