■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTHA ENGLISH, Appellant. [634 NYS2d 599] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied her right to be present at sidebar conferences with prospective jurors. The trial court repeatedly advised defendant of her right to be present at those conferences, and defendant knowingly, voluntarily and intelligently waived that right *(see, People v Cousart,* 217 AD2d 556; *People v Dennis,* 206 AD2d 843, *lv denied* 84 NY2d 867; *People v Howard,* 206 AD2d 844, *lv denied* 84 NY2d 868). The court properly admitted DNA test results into evidence. "Such test results have been accepted as reliable by the relevant scientific community and, because a proper foundation was laid, they were admissible at trial *(see, People v Wesley,* 83 NY2d 417; *Frye v United States,* 293 F 1013)" *(People v Giomundo,* 209 AD2d 953, *lv denied* 85 NY2d 909). The evidence is sufficient to support defendant's conviction of depraved indifference murder (Penal Law § 125.25 [2]), robbery in the first degree (Penal Law § 160.15 [1], [3]) and burglary in the second degree (Penal Law § 140.25 [1] [b], [c]). Defendant's contention that the court erroneously failed to instruct the jury on the defense of justification has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Harrell,* 59 NY2d 620), and we decline to exercise our power to address it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.