▃ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST TYLER, Appellant. [635 NYS2d 666] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered April 6, 1994, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to a jury of his own choosing when the court denied his peremptory challenge and seated a Hispanic juror. The defendant's contention is without merit.

In this case, where two of the complainants were Hispanic, the prosecutor met his burden of making a prima facie reverse *Batson* showing (*Batson v Kentucky*, 476 US 79) by pointing out that defense counsel had excluded all four potential jurors of Hispanic descent in the first round of jury selection (*see, Georgia v McCollum*, 505 US 42; *Batson v Kentucky, supra; People v Kern*, 75 NY2d 638; *see also, People v Stiff*, 206 AD2d 235, 240). The court found that the defense counsel's race-neutral explanations as to three of the challenged Hispanic panelists were legitimate, but that the explanation as to fourth Hispanic panelist, prospective juror number sixteen, was pretextual (*see, People v Allen*, 86 NY2d 101, 109-110; *People v*

*Simmons*, 79 NY2d 1013). Defense counsel's explanation for challenging this last juror was that, due to time constraints, he had not been able to sufficiently assess the juror's ability to serve. This explanation is belied by the record, which shows that, besides having had the opportunity to address this prospective juror more than once, counsel barely questioned two other, nonHispanic panelists who were ultimately seated without challenge. Accordingly, the court found defense counsel's explanation to be pretextual and properly denied his peremptory challenge of prospective juror number 16.

Also unavailing is the defendant's contention that his waiver of his right to be present at voir dire side-bars (*see, People v Antommarchi*, 80 NY2d 247) was ineffective. The defendant waived his right knowingly, voluntarily, and intelligently (*see, People v Epps*, 37 NY2d 343, *cert denied* 423 US 999; *People v Underwood*, 201 AD2d 597) after discussing the issue with counsel. The fact that he chose not to be present at the sidebar discussions because he did not want to be accompanied by two court officers indicates that he assessed the situation before choosing to waive his right (*see, People v Pondexter*, 215 AD2d 409; *People v Cousart*, 217 AD2d 556; *People v Moton*, 215 AD2d 781; *People v Gloster*, 175 AD2d 258, 260). Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.