■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ABRAMS, Appellant. [643 NYS2d 526] —Judgment, Supreme Court, New York County (Renee White, J.), rendered August 11, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

The trial court properly admitted evidence of additional drug sales which occurred minutes before the arrest and were linked to a specific material issue in the case, i.e., whether defendant possessed the narcotics with intent to sell (*see, People v Hudy*, 73 NY2d 40, 54). The evidence was also relevant for narrative purposes and to explain the officer's conduct (*People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). Contrary to defendant's claim, the trial court did give consideration to whether the probative value of the evidence of the uncharged sales outweighed the prejudicial effect of such testimony. Since defendant never requested a limiting instruction concerning this testimony, his claim that the trial court erred in failing to give such a charge is unpreserved for appellate review (*People v Maldonado*, 220 AD2d 212, 213, *lv denied* 87 NY2d 904) and we decline to review it in the interest of justice.

We find that the supplemental *Allen* charge, "when taken as a whole" (*People v Alvarez*, 86 NY2d 761, 763), was proper since it sufficiently conveyed the concept that the jurors were to reach a joint verdict only if their own individual consciences were satisfied with that verdict. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.