■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO BARRIOS, Appellant. [645 NYS2d 684] —Judgment unanimously affirmed. Memorandum: Defendant, a health care agency employee, stabbed to death a 70-year-old bedridden patient after entering the patient's apartment to steal money for drugs. After killing the patient, defendant was observed by a security guard carrying a television set out of the apartment building; a security camera also videotaped defendant with the patient's television. Defendant was convicted, following a jury trial, of two counts each of felony murder in the second degree, burglary in the first degree, and robbery in the first degree.

Defendant contends that County Court's announced policy of not holding any bench conferences unless defendant waived his right to be present at such conferences coerced defendant into waiving his right to be present. The court noted that any bench conferences would relate only to administrative or purely legal matters, and offered defendant the alternative of either having the discussions placed on the record or waiving his presence at such discussions. Thus, the record establishes that defendant knowingly, intelligently and voluntarily waived his right to be present at any bench conferences (*see, People v Parker,* 57 NY2d 136, 141; *People v Howard,* 206 AD2d 844, *lv denied* 84 NY2d 868; *People v Dennis,* 206 AD2d 843, *lv denied* 84 NY2d 867).

The late disclosure by the People of the full videotape from the security camera did not deprive defendant of a fair trial. The court permitted defendant to postpone cross-examination of a key prosecution witness until after defendant and his attorney had an opportunity to view the tape. Because defendant had a meaningful opportunity to use the allegedly exculpatory material, his constitutional right to a fair trial was not violated (*see, People v Cortijo,* 70 NY2d 868, 870; *People v Perez,* 184 AD2d 1033, *lv denied* 80 NY2d 932).

Defendant was not denied his constitutional right to effective assistance of counsel; the record establishes that defendant's attorney provided meaningful representation (*see, People v Flores,* 84 NY2d 184, 187; *People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Erie County Court, D'Amico, J.— Murder, 2nd Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.