■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL BOSTIC, Appellant. [646 NYS2d 819] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 15, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was coerced into waiving his right to be present at the sidebar conferences because the court conditioned such right upon the requirement that the defendant be accompanied by two court officers. A defendant's waiver is deemed to be voluntary if his or her complaint is that he or she did not agree with the court's procedure of having court officers accompany a defendant during side-bar conferences (*see, People v Ortega,* 224 AD2d 552; *People v Tyler,* 222 AD2d 624; *People v Briggs,* 220 AD2d 762). Moreover, as recently stated by the Court of Appeals: "[t]o succeed [on a claim that conditions imposed by Trial Judges force a defendant to involuntarily waive the right to be present at a sidebar] * * * [the defendant] would have to enjoy a 'right' to approach the Bench during voir dire sidebars without escort by court officers. The unassailable fact, however, is that neither the State nor Federal Constitution, nor any statute, nor any decision of this Court or the Supreme Court grants such a * * * perogative for defendants" (*People v Pondexter,* 88 NY2d 363, 376).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.