■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENFORD E. McDERMOTT, Appellant. [665 NYS2d 187] —Judg-

ment unanimously affirmed. Memorandum: We reject the contention that defendant was denied his statutory right to be present during a discussion with a sworn juror in County Court Judge's chambers and during numerous other sidebar conferences during jury selection and the trial (*see,* CPL 260.20). Defense counsel, in the presence of defendant, waived defendant's right to be present on those occasions (*see, People v Smallwood,* 225 AD2d 713, *lv denied* 88 NY2d 942; *People v Dennis,* 206 AD2d 843, *lv denied* 84 NY2d 867; *People v Howard,* 206 AD2d 844, *lv denied* 84 NY2d 868). We likewise reject the contention that defendant was denied his right to be present when the court conducted a private sidebar conversation with a prospective juror. Because defense counsel was not present, the waiver did not encompass that conversation. Nevertheless, the court disclosed the substance of that conversation in defendant's presence, and defense counsel declined to pursue the opportunity afforded by the court to ask follow-up questions of the prospective juror (*see, People v Starks,* 216 AD2d 120, 121, *affd* 88 NY2d 18, 29).

Before defense counsel waived defendant's right to be present and before the formal voir dire commenced, the court conducted a discussion in chambers with 11 prospective jurors regarding bias and their predisposition to believe or discredit potential witnesses. Four of those prospective jurors were excused for cause by the court and with the consent of defense counsel, and a fifth prospective juror was excused for cause by the court at the request of counsel for codefendant. The prospective jurors were excused by the court either because they were familiar with codefendant or because they had been exposed to pretrial publicity, and each of them indicated that they could not be fair and impartial. Because those prospective jurors were excused for cause by the court, defendant was not denied the right to be present at a material stage of the trial (*see, People v Maher,* 89 NY2d 318, 325; *People v Roman,* 88 NY2d 18, 28, *rearg denied* 88 NY2d 920). Four other prospective jurors who were interviewed during the screening procedure in chambers also were interviewed during the formal voir dire. Because he was present for the formal voir dire of those prospective jurors who were not excused, defendant was not denied the opportunity to give meaningful input in the selection or dismissal of those prospective jurors (*see, People v Camacho,* 90 NY2d 558; *People v Roman, supra,* at 27; *People v Velasco,* 77 NY2d 469, 473).

Defendant failed to preserve for our review his contentions that the court erred in instructing the jury with respect to the

burden of proof and the alibi defense (*see*, CPL 470.05 [2]; *People v Lipton*, 54 NY2d 340, 351). In any event, his contentions lack merit (*see*, *People v Daddona*, 81 NY2d 990, 992; *People v Ford*, 66 NY2d 428, 441; *People v Canty*, 60 NY2d 830, 831-832). (Appeal from Judgment of Orleans County Court, Punch, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.