■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN WILSON, Appellant. [668 NYS2d 618] —Judgment,

Supreme Court, New York County (Alfred Donati, J.), rendered February 16, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (2 counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant was not denied his right to be present at material stages of the trial, since the bench conference at issue involved only a discussion of legal matters (*People v Rodriguez*, 85 NY2d 586, 591). In any event, the record establishes that defendant knowingly and voluntarily waived his presence at the sidebar (*see*, *People v Spotford*, 85 NY2d 593, 597-598), notwithstanding his objection to the court's reasonable security procedures (*see*, *People v Vargas*, 88 NY2d 363, 376-377; *People v Bostic*, 230 AD2d 804, 805, *lv denied* 89 NY2d 919).

The court properly admitted evidence of an uncharged sale since it occurred contemporaneously with the charged sales and was relevant to whether defendant possessed the cocaine with intent to sell (*People v Abrams*, 227 AD2d 293, *lv denied* 88 NY2d 979). Moreover, this evidence was relevant for narrative purposes and to explain why the police officer's attention was focused on defendant (*supra*; *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800).

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.