■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION SAULTERS, Appellant. [682 NYS2d 740] —Judgment unanimously affirmed. Memorandum: Even assuming, arguendo, that County Court erred in determining that the photo array was not unduly suggestive, the court properly allowed two complainants to make in-court identifications of defendant because the evidence sufficiently established an independent basis for their in-court identifications (*see, People v South,* 233 AD2d 910, 911, *lv denied* 89 NY2d 989). We reject the contention of defendant that he was improperly excluded from sidebar conferences with prospective jurors on matters of bias or prejudice. The record establishes that defendant knowingly, voluntarily and intelligently waived his right to be present at sidebar questioning (*see, People v Parker,* 57 NY2d 136, 139-140; *People v Howard,* 206 AD2d 844, *lv denied* 84 NY2d 868). There is also no merit to defendant's contention that the People failed to establish an adequate chain of custody for People's exhibit Nos. 13 and 14. The proof adduced at trial gave " 'reasonable assurances of the identity and unchanged condition' " of the exhibits (*People v Julian,* 41 NY2d 340, 343, quoting *Amaro v City of New York,* 40 NY2d 30, 35; *see also, People v Moyer,* 186 AD2d 997, 998, *lv denied* 81 NY2d 844). Contrary to defendant's contention, criminal possession of a weapon in the third degree is not a lesser included offense of criminal possession of a weapon in the second degree (*see,* Penal Law § 265.03), and defendant is therefore not entitled to reversal of his conviction of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]; *see, People v Okafore,* 72 NY2d 81, 89, n 3; *People v Baro,* 236 AD2d 307, 307-308, *lv denied* 89 NY2d 1032). Because defendant fired several shots into the car and because there is no proof and no contention by defendant that the same shot injured both complainants, we conclude that defendant was properly sentenced to consecutive sentences on his conviction of assault in the first degree and assault in the second degree (*see, People v Brathwaite,* 63 NY2d 839, 843; *People v Sumpter,* 203 AD2d 605, *lv denied* 84 NY2d 833). Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. We have reviewed the contentions raised in defendant's supplemental brief and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Drury, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.