■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MEJIAS, Appellant. [717 NYS2d 269] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 12, 1998, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. "What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (*People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation (*see, People v Benn,* 68 NY2d 941). The defense counsel presented a reasoned theory of defense, effectively cross-examined the People's witnesses, and delivered cogent opening and closing statements. Therefore, the defendant was provided with meaningful representation (*see, People v Baldi, supra; People v Johnson,* 184 AD2d 732; *People v Ortiz,* 174 AD2d 763).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Moreover, the Supreme Court properly imposed consecutive sentences where the crimes committed were based on separate and distinct acts (*see, People v Laureano,* 87 NY2d 640; *People v Saulters,* 255 AD2d 896). Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.