THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BARNEY, Appellant. [743 NYS2d 793] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered August 31, 1999, convicting defendant after a jury trial of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). County Court properly denied defendant's *Batson* challenge with respect to a black female prospective juror. That prospective juror stated that her son had been convicted 12 years earlier and that she had strong feelings about the outcome of the trial and the way in which it was handled. The prosecutor explained that she was exercising a peremptory challenge with respect to that prospective juror because, even though the prospective juror stated that she could be impartial, the prosecutor did not believe her because of her strong feelings about her son's conviction. The court properly determined that the prosecutor's explanation was race-neutral and not pretextual (*see People v*

*Simmons,* 171 AD2d 1053, 1053, *affd* 79 NY2d 1013; *People v Gant,* 291 AD2d 912, 912; *People v Cuthrell,* 284 AD2d 982, 982-983). The court was in the best position to observe the demeanor of the prospective juror and the prosecutor, and its determination is entitled to great deference (*see People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *People v Jones,* 289 AD2d 962, 962-963).

We reject defendant's contentions that *Brady* and *Rosario* violations require reversal. With respect to the alleged *Brady* violation, reversal is not required because defense counsel knew about the allegedly exculpatory evidence during trial and was given a meaningful opportunity to use it (*see People v Cortijo,* 70 NY2d 868, 870; *People v Pepe,* 259 AD2d 949, 949-950, *lv denied* 93 NY2d 1024; *People v Barrios,* 229 AD2d 939, *lv denied* 88 NY2d 1066). With respect to the *Rosario* violations, defense counsel received all the notes and reports during trial and thus was able to use that evidence at trial, with the exception of one set of notes taken by a police officer concerning an interview with defendant that the officer subsequently discarded. With respect to all of the *Rosario* violations, defendant failed to show that the belated disclosure or nondisclosure "materially contributed to the result of the trial" (CPL 240.75; *see People v Bowens,* 288 AD2d 232, *lv denied* 97 NY2d 679; *People v Small,* 286 AD2d 513, 513; *People v Harrell,* 284 AD2d 248, 248, *lv denied* 97 NY2d 656), and thus reversal is not required.

Defendant contends that a further discovery violation occurred when the People failed to turn over photographs of defendant's hands taken by the police on the night of the crime. We reject that contention. A police officer testified that he took photographs that night but took none of defendant's hands and no such photographs were in the police file. We further reject defendant's contention that the late disclosure of a photograph of the knife requires reversal. Defendant had the option of recalling the photographer, but chose not to do so. The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). In light of the fact that this was defendant's fourth felony conviction, the court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see People v Santiago,* 265 AD2d 827, 828, *lv denied* 94 NY2d 866). The sentence is not unduly harsh or severe. Present—Hayes, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.