THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER WRIGHT, Appellant. [778 NYS2d 693]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 3, 2001, convicting him of rape in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his *Antommarchi* rights (*see People v Antommarchi,* 80 NY2d 247 [1992]) were not violated by the court giving the defendant the choice between absenting himself from bench and/or sidebar conferences, or not allowing any prospective jurors to approach the bench during the voir dire. There is no requirement that the court interview any jurors in private or at the sidebar (*see People v Vargas,* 88 NY2d 363, 371-376 [1996]).

The defendant's contention that the evidence was legally

insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Williams*, 247 AD2d 416 [1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Williams*, 84 NY2d 925, 926 [1994]).

The defendant contends that the prosecution's witnesses should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. Viewing the record as a whole, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]). The defense counsel presented a reasonable defense, interposed appropriate objections, effectively cross-examined witnesses, and delivered cogent opening and closing statements (*see People v Mejias*, 278 AD2d 249 [2000]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.