■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELKAIND ADAMES, Appellant. [859 NYS2d 725]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered March 23, 2006, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, count one of the indictment charging the defendant with assault in the first degree is dismissed, and a new trial is ordered as to the remaining counts of the indictment.

According to the People's witnesses, on December 1, 2004 after the defendant threatened the residents of a neighboring

apartment building, three of the residents, including the complainant, went to the defendant's apartment building to confront him. According to the People's witnesses, consisting of the three residents and the defendant's downstairs neighbor, who also happened to be the brother-in-law of two of the three women confronting the defendant, the defendant "buzzed" the residents into his building, and when they arrived at the entrance to his apartment, he and the complainant began to fight. After the defendant was pulled into his apartment by his companion he burst out to the hallway with a steak knife and stabbed the complainant in the chest and back.

The defendant and his companion, however, testified to a different version of the events. According to them, as the defendant was leaving his apartment, the complainant and a "whole bunch of people" forced their way into his apartment and began to assault him inside the apartment, causing him to fall to the ground. From the ground, he reached up to a table, grabbed a steak knife, and "pressed" into the complainant, who was on top of him.

The defendant was charged in the indictment with assault in the first degree, attempted assault in the first degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree. After a jury trial, he was convicted of assault in the first degree and criminal possession of a weapon in the fourth degree. The jury was instructed not to consider the remaining counts if it found the defendant guilty of assault in the first degree.

The defendant correctly contends that the People failed to provide legally sufficient evidence that the complainant suffered "serious physical injury" to support his conviction of assault in the first-degree (see Penal Law § 10.00 [10]; § 120.10 [1]; *People v Gray*, 30 AD3d 771, 772-773 [2006]; *People v Sleasman*, 24 AD3d 1041, 1042-1043 [2005]; *People v Castillo*, 199 AD2d 276, 277 [1993]). Although the complainant was stabbed in the chest and back, her wounds required no stitches and caused no damage to her organs, and when she was first examined at a hospital about an hour after the stabbing, she was oriented, alert, had no trouble breathing, was no longer bleeding, and was identified as being in "good" and "stable" condition by medical staff. The only evidence of protracted disfigurement or impairment of health was the complainant's trial testimony that "[e]very now and then the stab wound under my arm, it hurts," and that she had scars, although the scars were not shown to the jury and there was no description of the scars. Thus, count one of the indictment charging the defendant with assault in the first degree must be dismissed.

The defendant also correctly contends that he is entitled to a new trial on the remaining counts for two reasons. First, the court should have granted his request that the jury be given a charge pursuant to Penal Law § 35.20 (3), since there is a reasonable view of the evidence supporting the defendant's claim that he reasonably believed that deadly physical force was necessary to terminate the commission of a burglary (*see People v Deis,* 97 NY2d 717, 719-720 [2002]; *People v Padgett,* 60 NY2d 142, 144-145 [1983]). Second, the court should not have allowed the People to cross-examine the defendant's companion regarding two remote uncharged domestic violence incidents involving the defendant and to present evidence of these incidents on rebuttal, since the evidence did not permit a non-speculative inference that the companion was in fear of the defendant and thus had a motive to testify falsely, and the probative value of the evidence was outweighed by its potential for prejudice (*cf. People v Quinones,* 26 AD3d 167, 168 [2006]; *People v Folk,* 176 AD2d 754, 754-755 [1991]; *People v Rodriguez,* 143 AD2d 854, 855 [1988]). Contrary to the People's contention, the errors were not harmless (*see People v Crimmins,* 36 NY2d 230 [1975]). Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.