Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered March 4, 2015, convicting him of robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of robbery in the second degree (two counts) and assault in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]).
 

 The defendant’s contention that he was deprived of a fair trial by some of the prosecutor’s summation remarks because the prosecutor allegedly played on the emotions of the jury, supported the case through his own veracity and position, commingled identification evidence, and mischaracterized other evidence is unpreserved for appellate review since the defendant failed to object, request curative instructions, or timely move for a mistrial on these grounds (see CPL 470.05 [2]; People v Owens, 129 AD3d 995, 996-997 [2015]; cf. People v Robbins, 239 AD2d 526, 526 [1997]). In any event, most of the remarks were either fair comment on the evidence presented, fair response to the defendant’s and the codefendant’s summations, or permissible rhetorical comment (see People v Owens, 129 AD3d at 996-997). To the extent that some of the challenged remarks were improper (see People v Collins, 12 AD3d 33, 40-41 [2004]; People v Jamal, 307 AD2d 267, 267-268 [2003]), the errors were either sufficiently addressed by the Supreme Court’s instructions to the jury or not so egregious as to have deprived the defendant of a fair trial (see People v Bunting, 146 AD3d 794, 795 [2017]; People v Taylor, 120 AD3d 519, 521 [2014]).
 

 The Supreme Court providently exercised its discretion in ruling that, in the event the defendant’s “common-law” wife were to testify as an alibi witness, the People would be permitted to cross-examine her with evidence of the defendant’s past conviction for assaulting her. The People provided a good faith basis for the proposed inquiry, as the conviction and the facts underlying it permitted a nonspeculative inference that the witness had a motive to furnish a false alibi (see People v Quinones, 26 AD3d 167, 168 [2006]; People v Anonymous, 275 AD2d 210, 212 [2000], affd 96 NY2d 839 [2001]; People v Folk, 176 AD2d 754, 754 [1991]). The probative value of this evidence outweighed its prejudicial value (see People v Quinones, 26 AD3d at 168; People v Anonymous, 275 AD2d at 212; People v Folk, 176 AD2d at 754).
 

 Chambers, J.P., Miller, Barros and Connolly, JJ., concur.