■ In the Matter of THOMAS BROWN, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [691 NYS2d 806] —Proceeding unanimously dismissed without costs as moot (see, Matter of Free v Coombe, 234 AD2d 996). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE G. ROOKS, Appellant. [691 NYS2d 816] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in failing to impose the sentence promised at the time of defendant's guilty plea. "County Court sufficiently demonstrated in the record that proper sentencing criteria counseled imposition of a different sanction than that agreed to originally" (People v Schultz, 73 NY2d 757, 758). Defendant did not change his position in reliance upon the plea bargain, and defendant was given the opportunity to withdraw his guilty plea. We reject the contention that defendant was entitled to specific performance of the plea bargain because the prosecutor threatened to seek a superseding indictment if defendant withdrew his guilty plea. We conclude that, given defendant's extensive criminal record, the sentence imposed is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. RICKARD, Appellant. (Appeal No. 1.) [691 NYS2d 811] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to withdraw his guilty plea. The allegations of defendant that the plea was coerced, that defendant did not understand the consequences of the plea, that he was denied effective assistance of counsel and that he was innocent were belied by his statements during the plea colloquy (see, People v Miller, 252 AD2d 984, lv denied 92 NY2d 984; People v Witcher, 222 AD2d 1016, lv denied 87 NY2d 1027; People v Rodriguez, 126 AD2d 580, lv denied 69 NY2d 954). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sexual Abuse, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.