■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROLD LAMONT USHER, Appellant. [696 NYS2d 922] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his conviction of depraved indifference murder (Penal Law § 125.25 [2]) is not supported by legally sufficient evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We likewise reject the contention of defendant that, because he was not present during sidebar questioning of potential jurors, he was deprived of his constitutional right to be present at all material stages of the trial. The record establishes that defendant knowingly, voluntarily and intelligently waived his right to be present during such questioning (*see, People v Yeldon,* 251 AD2d 1047, *lv denied* 92 NY2d 908; *People v Dennis,* 206 AD2d 843, *lv denied* 84 NY2d 867). We agree with defendant that County Court erred in admitting evidence of a prior consistent statement of a prosecution witness that bolstered her trial testimony (*see, People v McClean,* 69 NY2d 426, 428). In light of the overwhelming proof of defendant's guilt and because there is no significant probability that defendant would have been acquitted but for the error, we conclude that the error is harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242).

Defendant's contention that reversal is mandated because of prosecutorial misconduct on summation is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, defendant contends that he was denied effective assistance of counsel. We conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.