■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN DEAN, Appellant. [753 NYS2d 905] —Appeal from a judgment of Monroe County Court (Connell, J.), entered October 26, 2001, convicting defendant upon his plea of guilty of, inter alia, robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied the motion of defendant to withdraw his guilty plea. "The allegations of defendant that the plea was coerced, that defendant did not understand the consequences of the plea, that he was denied effective assistance of counsel and that he was innocent were belied by his statements during the plea colloquy" (*People v Rickard*, 262 AD2d 1073, 1073, *lv denied* 94 NY2d 828; *see People v French*, 292 AD2d 813, 814, *lv denied* 98 NY2d 675). Defendant failed to preserve for our review his further contention that his plea was not knowingly entered because the court failed to advise him that his sentence would be followed by a mandatory period of postrelease supervision (*see People v Skye*,

298 AD2d 889; *People v Minter*, 295 AD2d 927, *lv denied* 98 NY2d 712). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the second through ninth counts of the indictment are inclusory concurrent counts (*see* CPL 300.30 [4]) of the first count, which charges robbery in the first degree (Penal Law § 160.15 [1]), and should therefore be dismissed pursuant to CPL 300.40 (3) (b). "Article 300 deals only with trials, and has no application to convictions obtained on plea of guilty" (*People v Walton*, 41 NY2d 880, 880-881; *see People v Bliss*, 245 AD2d 459). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.