THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CATO, Appellant. (Appeal No. 2.) [761 NYS2d 910] —Appeal from a judgment of Ontario County Court (Doran, J.), entered October 19, 2001, convicting defendant upon his guilty plea of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The sentence imposed upon defendant's guilty plea is not unduly harsh or severe. We further reject the contention of defendant in his pro se supplemental brief that County Court abused its discretion in denying his pro se motion to withdraw his guilty plea. Defendant's allegations of coercion "were belied by [defendant's] statements during the plea colloquy" (*People v Rickard*, 262 AD2d 1073, 1073 [1999], *lv denied* 94 NY2d 828 [1999]; *see People v Dean*, 302 AD2d 951 [2003]). Defendant also contends in his pro se supplemental brief that the court erred in denying his pro se motion to dismiss the indictment on constitutional double jeopardy grounds. We disagree. Defendant's constitutional claim arises from the dismissal of the original indictment on the ground that the evidence before the Grand Jury was not legally sufficient (*see* CPL 210.20 [1] [b]). Double jeopardy did not attach to that dismissal, however, because it occurred before trial or entry of a guilty plea (*see Serfass v United States*, 420 US 377, 388-389 [1975]; *see also* CPL 40.30 [1]). Finally, in light of our decision in *People v Cato* (306 AD2d 912 [2003]), we reject defendant's contention that the plea must be vacated pursuant to *People v Fuggazzatto* (62 NY2d 862, 863 [1984]). Present— Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.