THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN TAYLOR, Appellant. (Appeal No. 1.) [771 NYS2d 473]—Ap-

peal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered June 8, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [1]), robbery in the third degree (§ 160.05), and two counts of grand larceny in the fourth degree (§ 155.30 [4], [5]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (§§ 110.00, 160.15 [4]). With respect to appeal No. 1, defendant failed to preserve for our review his contention that County Court erred in refusing to allow him to cross-examine a prosecution witness concerning the motive of that witness to lie (*see People v George*, 67 NY2d 817, 818-819 [1986]; *People v Brown*, 298 AD2d 176 [2002], *lv denied* 99 NY2d 556 [2002]; *People v Rookey*, 292 AD2d 783 [2002], *lv denied* 98 NY2d 701 [2002]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Because we affirm the judgment of conviction in appeal No. 1, we reject defendant's further contention that the plea in appeal No. 2 must be vacated (*see People v Van Every*, 1 AD3d 977 [2003]; *People v Cato*, 306 AD2d 914 [2003]; *People v McCullough*, 278 AD2d 915, 918 [2000], *lv denied* 96 NY2d 803 [2001]; *cf. People v Fuggazzatto*, 62 NY2d 862, 863 [1984]). Finally, neither the sentence imposed by the court in appeal No. 1 nor the bargained-for sentence in appeal No. 2 is unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.