■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REED, Appellant. (Appeal No. 1.) [789 NYS2d 387]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 20, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of aggravated criminal contempt (§ 215.52). The contention of defendant in appeal No. 1 that Supreme Court erred in admitting expert testimony concerning the packaging of the drugs and the lack of money found on defendant when he was arrested is not preserved for our review. Were we to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), we would reject it. The admissibility of the evidence lies primarily in the sound discretion of the trial court (*see People v Lee,* 96 NY2d 157, 162 [2001]). The central issue at trial was whether defendant intended to sell the drugs that he dropped when approached by the police. As the average juror is not necessarily aware of "the intricacies of how drugs and money are shuttled about in an effort to prevent their discovery and seizure by the police," expert testimony may be helpful to understand the evidence presented and in resolving material factual issues (*People v Brown,* 97 NY2d 500, 505 [2002]).

We reject the further contention of defendant that he was denied effective assistance of counsel, as "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147 [1981]).

We further conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Jackson,* 11 AD3d 928, 929 [2004]). Defendant was observed standing in front of a mini-mart and approaching passersby, attempting to start conversations. He was also observed speaking with one individual and passing an object back and forth with that person. When the police approached, he entered the mini-mart and, when the

officers asked to speak to him, he dropped a napkin that contained nine individually wrapped pieces of crack cocaine. Consequently, the verdict finding defendant guilty of possessing the drugs with intent to sell them was not against the weight of the evidence.

Because we affirm the judgment of conviction in appeal No. 1, we reject defendant's further contention that the plea in appeal No. 2 must be vacated (*see People v Taylor*, 4 AD3d 875, 876 [2004], *lv denied* 3 NY3d 648 [2004]; *People v Butler*, 2 AD3d 1459 [2003], *lv denied* 3 NY3d 637 [2004]; *cf. People v Fuggazzatto*, 62 NY2d 862, 863 [1984]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.