■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELRICO RANDLE, Appellant. (Appeal No. 1.) [801 NYS2d 189]— Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 22, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts), sodomy in the first degree and rape in the first degree (two counts).

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 26, 2002. The judgment resentenced defendant upon a conviction for robbery in the first degree (three counts), sodomy in the first degree and rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of robbery in the first degree (Penal Law § 160.15 [3]), two counts of rape in the first degree (§ 130.35 [1]) and one count of sodomy in the first degree (former § 130.50 [1]). We reject defendant's contention that County Court failed to conduct an appropriate inquiry into defendant's allegations concerning defense counsel's allegedly inadequate representation. Contrary to the contention of defendant, his allegations did not establish a serious complaint concerning defense counsel's representation and thus did not " 'suggest a serious possibility of good cause for substitution [of counsel]' " (People v Benson, 265 AD2d 814, 814 [1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000], quoting People v Frayer, 215 AD2d 862, 863 [1995], lv denied 86 NY2d 794 [1995]; see generally People v Sides, 75 NY2d 822, 824 [1990]).

Defendant further contends that the court erred in admitting

the narrative portions of three statements of prosecution witnesses that improperly bolstered their trial testimony. By failing to object to the admission of the first statement, defendant failed to preserve for our review his contention concerning that statement (*see People v Love*, 57 NY2d 1023, 1025 [1982]; *People v Sinkler*, 288 AD2d 844, 845 [2001], *lv denied* 97 NY2d 761 [2002]), and we decline to exercise our power to review his contention with respect to that statement as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to the remaining two statements, we agree with defendant that the admission of the narrative portions of those statements improperly bolstered the trial testimony of the witnesses who made those statements (*see People v Usher*, 265 AD2d 813 [1999], *lv denied* 94 NY2d 886 [2000]; *see generally People v McClean*, 69 NY2d 426, 428 [1987]). We nevertheless conclude that the error is harmless (*see Usher*, 265 AD2d 813 [1999]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, we conclude that the resentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.