THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONIQUE LAWRENCE, Also Known as MONIQUE L. MCDANIEL, Appellant. [812 NYS2d 205]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered September 20, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). Defendant contends that County Court erred in failing to conduct an appropriate inquiry into her request for assignment of new counsel. "Contrary to the contention of defendant, [her] allegations did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]" (*People v Randle* [appeal No. 2], 21 AD3d 1341, 1341 [2005] [internal quotation marks omitted]; *see People v Schojan*, 272 AD2d 932, 933 [2000], *lv denied* 95 NY2d 871 [2000]; *People v Frayer*, 215 AD2d 862, 863 [1995], *lv denied* 86 NY2d 794 [1995]; *see generally People v Sides*, 75 NY2d 822, 824 [1990]).

We reject the further contention of defendant that she was denied effective assistance of counsel. With respect to defendant's complaints that defense counsel failed to investigate the case properly and failed to interview a potential witness, those complaints " 'involve[ ] matters dehors the record, which are not reviewable on this direct appeal' " (*People v Nichols*, 21 AD3d 1273, 1274 [2005]; *see People v Prince*, 5 AD3d 1098, 1098-1099 [2004], *lv denied* 2 NY3d 804 [2004]). Defendant's remaining complaints concerning defense counsel's representation are based on disagreements with trial tactics, and defendant has failed to establish the absence of any legitimate explanation for defense counsel's decisions (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Flores*, 84 NY2d 184, 187 [1994]; *see also People v Dennis*, 206 AD2d 843, 844 [1994], *lv denied* 84 NY2d 867 [1994]). Therefore, based on "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation," we conclude that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.