█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARMELL AUSTIN, Appellant. [833 NYS2d 325]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered July 12, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and assault in the second degree and, upon his plea of guilty, of criminal possession of a weapon in the third degree (two counts) and escape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and other offenses arising out of events that occurred on July 2, 2003, and also convicting him upon his plea of guilty of three offenses arising out of events that occurred on June 5, 2004. The indictment alleged that, on or about July 2, 2003, defendant, inter alia, assaulted a man with a dangerous instrument and attempted to murder another man. The indictment further alleged that, on or about June 5, 2004, defendant, inter alia, possessed a loaded firearm. Before trial, Supreme Court granted defendant's motion to sever counts 1 through 4 from counts 5 through 7.

We reject the contention of defendant that the court erred in summarily denying his motion for substitution of assigned counsel. "Contrary to the contention of defendant, his allegations did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]" (*People v Randle* [appeal No. 2], 21 AD3d 1341, 1341 [2005], *lv denied* 6 NY3d 757 [2005] [internal quotation marks omitted]; *see People v Lawrence*, 27 AD3d 1120 [2006], *lv denied* 6 NY3d 850 [2006]; *see generally People v Sides*, 75 NY2d 822, 824 [1990]). Contrary to the further contention of defendant, "[t]he court properly exercised its discretion in denying defendant's request to introduce expert testimony on identification . . . , particularly since [four] of the . . . identifying witnesses knew defendant for many years" (*People v Miller*, 8 AD3d 176, 176 [2004], *mod on other grounds* 6 NY3d 295 [2006]), and thus the proposed expert testimony would not " 'aid a lay jury in reaching a verdict' " (*People v Lee*, 96 NY2d 157, 162 [2001], quoting *People v Taylor*, 75 NY2d 277, 288 [1990]; *see People v Paccione*, 295 AD2d 451 [2002], *lv denied* 98 NY2d 771 [2002]).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of assault in the second degree (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant contends that the verdict on counts 1 through 4 is against the weight of the evidence on the sole ground that he was not the individual who committed the offenses. We reject that contention. In support of his contention, defendant relies on the testimony of two witnesses that defendant was with them that night and the testimony of another witness that he did not see defendant that night in the area in which the crimes occurred. Several witnesses testified, however, that they had known defendant for significant periods of time and that he was the man who committed the offenses at issue in the

jury trial. "Great deference is to be accorded to the [jury's] resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Valencia*, 263 AD2d 874, 876 [1999], *lv denied* 94 NY2d 799 [1999]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Roman*, 17 AD3d 1166, 1167 [2005], *lv denied* 5 NY3d 768 [2005]), and we see no basis to disturb the jury's resolution of credibility issues in this case.

Defendant contends that the court erred in denying his motion to suppress evidence obtained on June 5, 2004 because the police lacked reasonable suspicion "to justify [the] pursuit of [him]." We reject that contention. "[T]he police may forcibly stop or pursue an individual if they have information which, although not yielding the probable cause necessary to justify an arrest, provides them with a reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Martinez*, 80 NY2d 444, 447 [1992]). Reasonable suspicion is defined as "the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Cantor*, 36 NY2d 106, 112-113 [1975]; *see People v Woods*, 98 NY2d 627, 628 [2002]; *Martinez*, 80 NY2d at 448). In this case, an officer observed a group of young people on the porch of a house known to be occupied by elderly people. The officer had arrested one man in the group two weeks earlier on the same city block for narcotics offenses and trespassing on a porch. While observing the group, the officer noticed "high traffic" entering and leaving the porch. When the officer approached the group, one man admitted to possessing marihuana, and the officer recovered a large bag containing multiple smaller bags of what appeared to be marihuana. Defendant fled the scene when the officer asked to speak with him, and the officer pursued him. We thus conclude that the police had the requisite reasonable suspicion that criminal activity was at hand to justify the pursuit of defendant.

Because we are affirming that part of the judgment convicting defendant of counts 1 through 4, we reject his contention that his plea of guilty on counts 5 through 7 must be vacated (*see People v Van Every*, 1 AD3d 977, 979 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Cato*, 306 AD2d 914 [2003], *lv dismissed* 1 NY3d 569 [2003]; *People v McCullough*, 278 AD2d 915, 918 [2000], *lv denied* 96 NY2d 803 [2001]; *cf. People v Fuggazzatto*, 62 NY2d 862, 863 [1984]).

Contrary to defendant's final contention, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.