■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD MARTIN, Appellant. (Appeal No. 1.) [864 NYS2d 582]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered August 21, 2006. The judgment convicted defendant, upon his plea of guilty of, inter alia, attempted murder in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a

judgment convicting him upon his plea of guilty of various crimes including attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]), assault in the first degree (§ 120.10 [1]), kidnapping in the second degree (§ 135.20), robbery in the first degree (§ 160.15 [2]) and criminal use of a firearm in the first degree (§ 265.09 [1] [a]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the third degree (§ 265.02 [3], [former (4)]).

We reject the contention of defendant in each appeal that County Court erred in denying his motion to withdraw his pleas. " '[R]efusal to permit withdrawal [of a guilty plea] does not constitute an abuse of . . . discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Pane,* 292 AD2d 850, 850 [2002], *lv denied* 98 NY2d 653 [2002], quoting *People v Robertson,* 255 AD2d 968, 968 [1998], *lv denied* 92 NY2d 1053 [1999]). Defendant presented no evidence of innocence, fraud or mistake in inducing the plea and, indeed, he repeatedly acknowledged that he had the right to proceed to trial by jury, that he was not influenced by defense counsel to plead guilty, and that his pleas were voluntarily entered.

Defendant further contends with respect to appeal No. 1 that his written statement to the police should have been suppressed because it was induced by a promise made by the police and thus was involuntary. We reject that contention. The statement of a police detective that defendant's cooperation "would be given fair weight" did not "create[ ] a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]), "nor was it of such a nature that, under the totality of the circumstances, defendant's will was overborne" (*People v Engert,* 202 AD2d 1023, 1024 [1994], *lv denied* 83 NY2d 910 [1994]).

Defendant also contends in each appeal both that he was denied his right to counsel and that he was denied his right to effective assistance of counsel. The record contains no support for the contention of defendant that he was denied his right to counsel. The statement of defense counsel concerning defendant's dim prospect of success at trial did not constitute an abandonment of representation at the plea proceeding. To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his guilty pleas in each appeal (*see generally People v Carlisle,* 50 AD3d 1451 [2008]; *People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit (*see generally People v Ford,* 86 NY2d 397, 404 [1995]). In fact, the

record reflects that defendant expressed satisfaction with defense counsel's services.

The contention of defendant in appeal No. 1 that his conviction of kidnapping merged with his conviction of assault and robbery does not survive his plea of guilty (*see People v Santiago*, 305 AD2d 1109, 1110 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Quackenbush*, 98 AD2d 875, 876 [1983]), and his contention that the conviction of criminal use of a firearm in the first degree in appeal No. 1 should be dismissed as a noninclusory concurrent offense of robbery in the first degree also is not properly before us. " 'Article 300 deals only with trials, and has no application to convictions obtained on plea of guilty' " (*People v Dean*, 302 AD2d 951, 952 [2003], quoting *People v Walton*, 41 NY2d 880, 880-881 [1977]).

We note, however, that the certificate of conviction in appeal No. 1 incorrectly reflects that the court imposed a sentence of imprisonment of 2 to 7 years for the conviction of unauthorized use of a vehicle in the first degree, and it must therefore be amended to reflect that the court imposed a sentence of imprisonment of $2^{1}/_{3}$ to 7 years for that conviction (*see People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]).

We have considered the contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.