■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHID MUHAMMAD, Appellant. [885 NYS2d 793]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered May 24, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). Defendant was acquitted of, inter alia, criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), and he contends that the verdict is repugnant insofar as he was found guilty of the charge of assault but acquitted of the charge of criminal possession of a weapon. We reject that contention. "As long as '[Supreme Court's] charge did not preclude the jury from concluding that defendant initially possessed the loaded pistol without intending to use it unlawfully against another, but decided to fire the gun at [the victim] as events unfolded,' a verdict finding defendant guilty of intentional assault but not guilty of possession with unlawful intent is not repugnant" (*People v Afrika*, 291 AD2d 880, 881 [2002], *lv denied* 98 NY2d 648 [2002]). Contrary to the further contention of defendant, the court properly exercised its discretion in denying his request to present expert testimony on the reliability of eyewitness identification. The victim, the sole eyewitness who identified defendant, testified that he had known defendant for many years, "and there is no reason to believe that the jury required expert testimony in order to evaluate the identification testimony" (*People v Pacheco*, 38 AD3d 686, 688 [2007], *lv denied* 9 NY3d 849 [2007]; *see People v Austin*, 38 AD3d 1246, 1247 [2007], *lv denied* 8 NY3d 981 [2007]). Finally, viewing the evidence in light of the elements of the crime of assault in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and according great deference to the jury's resolution of credibility issues, we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.