# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1325**
**KA 11-01166**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KASIEM WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 3, 2011.  The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]).  We reject defendant's contention that Supreme Court abused its discretion in denying defendant's motion to withdraw his plea of guilty.  " 'Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Pillich*, 48 AD3d 1061, 1061, *lv denied* 11 NY3d 793; *see People v Alexander*, 97 NY2d 482, 485-486).  Moreover, a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding (*see People v Beaty*, 303 AD2d 965, 965, *lv denied* 100 NY2d 559; *People v Rickard*, 262 AD2d 1073, 1073, *lv denied* 94 NY2d 828).  Here, defendant's claim of confusion regarding the crime to which he was pleading guilty as well as his claim of innocence are belied by the statements he made under oath during the plea colloquy (*see Rickard*, 262 AD2d at 1073).  Contrary to defendant's further contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver forecloses any challenge by defendant to the severity of the

sentence (*see id.* at 255; *People v Lococo*, 92 NY2d 825, 827).