# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

674

KA 14-01172

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JESSE JOHNSTON, DEFENDANT-APPELLANT.

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

JESSE JOHNSTON, DEFENDANT-APPELLANT PRO SE.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (DAVID MASHEWSKE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered June 10, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in refusing to suppress his statement to the police. According to defendant, he was not properly advised of his *Miranda* rights because he was advised that "anything he said could be used in a court of law" but was not specifically advised that anything he said could be used *against* him in a court of law. We reject that contention. "[T]he *Miranda* prophylaxis does not require a ritualistic incantation of warnings in any particular language or form . . . The inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his [or her] rights as required by *Miranda*" (*People v Bakerx*, 114 AD3d 1244, 1247, *lv denied* 22 NY3d 1196 [internal quotation marks omitted]; *see People v Barber-Montemayor*, 138 AD3d 1455, 1455).

We reject defendant's further contention that he was "tricked" into providing his statement. No specific promises were made to defendant, and his statement was not rendered involuntary merely because an officer suggested that it would be generally beneficial for defendant to confess to any crime that he may have committed (*see People v Sanderson*, 68 AD3d 1716, 1716, *lv denied* 14 NY3d 844; *People v Martin*, 55 AD3d 1236, 1237, *lv denied* 11 NY3d 927, *reconsideration denied* 12 NY3d 855). Defendant failed to preserve for our review his contention that his statement was rendered involuntary because he was

under the influence of methadone (*see People v Lewis*, 124 AD3d 1389, 1390, *lv denied* 26 NY3d 931) and, in any event, that contention lacks merit.  The sentence is not unduly harsh or severe.

Finally, we have considered defendant's contentions in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.

Entered:  October 7, 2016

Frances E. Cafarell
Clerk of the Court