# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**198**

**KA 15-00401**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KYLE V. SEATON, DEFENDANT-APPELLANT.

---

BETZJITOMIR LAW OFFICE, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered December 22, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [1], [2]), arising from kicking the victim in the head and face with steel-toed boots. The victim sustained a traumatic brain injury and did not remember the details of the incident until after he was released from the hospital. According to the victim, who was 15 years old at the time of the offense, he terminated his long-term friendship with defendant two to three months before this incident after defendant was angry that the victim won a game of Monopoly. Contrary to defendant's contention, County Court did not abuse its discretion in admitting *Molineux* evidence that, when the game concluded, defendant sprayed an aerosol can of body spray in the victim's direction and then lit the spray, thereby burning the victim's arm. The People argued that the evidence was relevant to, inter alia, defendant's motive to harm the victim after he terminated their friendship. In conducting the requisite two-part inquiry to determine whether to permit evidence of alleged prior bad acts, the court must determine whether "the proponent of the evidence [identified] some material issue, other than the defendant's criminal propensity, to which the evidence is directly relevant" and, if that showing is made, the court must then "weigh the evidence's probative value against its potential for undue prejudice to the defendant" (*People v Cass*, 18 NY3d 553, 560). Here, although we note that "the court . . . could have better recited its discretionary balancing of

the probity of such evidence against its potential for prejudice . . . , we conclude that, viewing the record in its entirety, the court conducted the requisite balancing test" (*People v Lawrence*, 141 AD3d 1079, 1081, *lv denied* 28 NY3d 1029 [internal quotation marks omitted]).  In any event, the court instructed the jury that the evidence was to be considered solely with respect to the issue of defendant's motive, and "not for the purpose of proving that he had a propensity or predisposition to commit the crimes charged," thereby minimizing any prejudicial effect (*see id.*).

We reject defendant's further contention that he was denied effective assistance of counsel.  Defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's failure to request DNA testing of defendant's boots, to conduct a further cross-examination of a treating physician with respect to the reliability of memory after a traumatic incident, or to conduct a further cross-examination of the prosecution's rebuttal witness (*see People v Caban*, 5 NY3d 143, 154).  Defendant's contention that counsel failed to call additional alibi witnesses involves matters that are outside the record on appeal and must therefore be raised by way of a motion pursuant to CPL 440.10 (*see People v Kaminski*, 109 AD3d 1186, 1186, *lv denied* 22 NY3d 1088).  Contrary to defendant's contention, defense counsel was not ineffective for failing to have defendant testify inasmuch as it is well settled that "[t]he fundamental decision whether to testify at trial is reserved to the defendant, not defense counsel" (*People v Cosby*, 82 AD3d 63, 66, *lv denied* 16 NY3d 857).  Finally, although certain comments on the evidence by defense counsel on summation could be construed as unfavorable to defendant, counsel nevertheless emphasized alleged shortcomings in the investigation of the crime, challenged the victim's credibility with respect to whether he remembered the incident, and pointed out inconsistencies in the testimony of prosecution witnesses.  We conclude that any error with respect to those comments was not "sufficiently egregious and prejudicial as to deny defendant a fair trial" (*People v Releford*, 126 AD3d 1407, 1407, *lv denied* 25 NY3d 1170).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court