People v Flowers (2018 NY Slip Op 07562)





People v Flowers


2018 NY Slip Op 07562


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


973 KA 15-00031

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMINIC FLOWERS, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
DOMINIC FLOWERS, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered October 17, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the first degree (two counts), assault in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2]), assault in the second degree (§ 120.05 [2]), and two counts each of assault in the first degree (§ 120.10 [1], [3]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Contrary to defendant's contention in his main and pro se supplemental briefs, the evidence is legally sufficient to establish his identity as one of the people who opened fire on a crowded street, killing one person and injuring two others (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). The People presented evidence that defendant and a codefendant were driven to the scene of the shooting by defendant's sister. Moments after the two men exited the vehicle, the sister, who testified for the People at trial, heard numerous gunshots, and shortly thereafter the two men rushed back to her vehicle. At that time, defendant's sister observed defendant in possession of a firearm.
Moreover, casings found at the scene established that two different types of firearms were used in proximity to each other and in proximity to the corner where defendant's sister had parked her vehicle. One month later, ammunition matching the brand and caliber of both types of casings was found during the execution of a search warrant at the residence of defendant's mother, which occurred while defendant was present. In our view, " there is a valid line of reasoning and permissible inferences from which a rational jury could have found [defendant's identity] proved beyond a reasonable doubt' " (Danielson, 9 NY3d at 349; see generally Bleakley, 69 NY2d at 495).
Although defendant raises several other challenges to the legal sufficiency of the evidence, he failed to preserve those challenges for our review inasmuch as his motion for a trial order of dismissal was not specifically directed at those grounds (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we reject those challenges (see generally Bleakley, 69 NY2d at 495).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), including the instruction that defendant could be found liable as either a principal or an accomplice (see Penal Law § 20.00), we conclude that, contrary to defendant's contention in his main and pro se supplemental briefs, the verdict on each count is [*2]not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although different findings would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded (see generally id.). The jury credited the testimony of defendant's sister, and we defer to the jury's credibility determination under these circumstances (see People v Washington, 160 AD3d 1451, 1452 [4th Dept 2018]; People v Harris, 56 AD3d 1267, 1268 [4th Dept 2008], lv denied 11 NY3d 925 [2009]).
Before trial, the People submitted a Sandoval application, notifying County Court of their intent to impeach defendant's credibility by questioning him concerning his prior criminal, vicious or immoral acts. The court permitted the People to question defendant concerning the facts and circumstances underlying one prior criminal act and, with respect to a second act, limited the People's questions to the existence of a felony conviction. We conclude that the court did not abuse its broad discretion in its ruling (see generally People v Smith, 27 NY3d 652, 660 [2016]), and the court's exercise of discretion "should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning . . . , particularly where, as here, the basis of the court's decision may be inferred from the parties' arguments" (People v Walker, 83 NY2d 455, 459 [1994]; see People v Wertman, 114 AD3d 1279, 1281 [4th Dept 2014], lv denied 23 NY3d 969 [2014]; cf. People v Graham, 107 AD3d 1421, 1422 [4th Dept 2013], affd 25 NY3d 994 [2015]).
Defendant further contends in his main brief that the court erred in admitting in evidence the ammunition that was recovered during the search of the residence of defendant's mother. Initially we note that, contrary to defendant's contention, his alleged possession of that ammunition does not constitute a prior bad act or a prior uncharged crime and thus is not Molineux evidence (see generally People v Brewer, 129 AD3d 1619, 1620 [4th Dept 2015], affd 28 NY3d 271 [2016]; People v Anderson, 304 AD2d 450, 451 [1st Dept 2003], lv denied 100 NY2d 592 [2003]; People v Duggan, 229 AD2d 688, 689-690 [3d Dept 1996], lv denied 88 NY2d 984 [1996]). Moreover, the court properly exercised its discretion in admitting the ammunition in evidence inasmuch as it "was relevant circumstantial evidence of defendant's [participation in the shooting], specifically because the type [and brand] of ammunition matched the type of weapon [used in the shooting] and [the brand of casings found at the scene]. The connection between the rounds of ammunition and the charges sought to be proved was not so tenuous as to be improbable" (People v Vasquez, 214 AD2d 93, 104 [1st Dept 1995], lv denied 88 NY2d 943 [1996], citing People v Mirenda, 23 NY2d 439, 453 [1969]; see People v Gray, 116 AD3d 480, 481 [1st Dept 2014], affd 27 NY3d 78 [2016]; cf. People v Buonincontri, 18 AD3d 569, 569 [2d Dept 2005], affd 6 NY3d 726 [2005]).
We reject defendant's contention in his main brief that there was an insufficient foundation for the admission in evidence of a surveillance video obtained from the hospital where the codefendant sought treatment after the shooting. The hospital's director of corporate security, who maintained the building's video recording surveillance system and thus "was familiar with [its] operation" (People v Costello, 128 AD3d 848, 848 [2d Dept 2015], lv denied 26 NY3d 927 [2015], reconsideration denied 26 NY3d 1007 [2015]), testified that the exhibit admitted at trial " truly and accurately represent[ed] what was before the camera' " on the night of the events (People v Patterson, 93 NY2d 80, 84 [1999]; see also People v Davis, 28 NY3d 294, 303 [2016]).
Defendant further contends in his main brief that he was denied a fair trial by prosecutorial misconduct on summation. That contention is not preserved for our review "inasmuch as defense counsel did not object to certain instances . . . and failed to take any further actions such as requesting a curative instruction or moving for a mistrial when his objections were sustained" (People v Gibson, 134 AD3d 1512, 1512-1513 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]; see People v Tolbert, 283 AD2d 930, 931 [4th Dept 2001], lv denied 96 NY2d 908 [2001]). In any event, we conclude that the prosecutor's comments were not "so egregious" as to warrant reversal and did not cause "such substantial prejudice to . . . defendant that he [was] denied due process of law" (People v Mott, 94 AD2d 415, 418-419 [4th Dept 1983]).
We reject the further contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel. Insofar as defendant contends that defense counsel failed to interview witnesses, did not consult with defendant, did not supply defendant with [*3]discoverable material and improperly advised defendant not to testify, those contentions are based on matters outside the record and are not reviewable on direct appeal (see People v Washington, 39 AD3d 1228, 1230 [4th Dept 2007], lv denied 9 NY3d 870 [2007]; People v Lawrence, 27 AD3d 1120, 1121 [4th Dept 2006], lv denied 6 NY3d 850 [2006]). "Defendant's remaining complaints concerning defense counsel's representation are based on disagreements with trial tactics, and defendant has failed to establish the absence of any legitimate explanation for defense counsel's decisions" (Lawrence, 27 AD3d at 1121; see People v Seaton, 147 AD3d 1531, 1532 [4th Dept 2017]; see generally People v Caban, 5 NY3d 143, 154 [2005]).
In his pro se supplemental brief, defendant contends that he was denied his right of confrontation when the autopsy report was admitted in evidence and one medical examiner was permitted to testify regarding the findings made and documented by a second medical examiner who prepared the report. That contention is not preserved for our review (see People v Chelley, 121 AD3d 1505, 1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015]; People v Bonner, 94 AD3d 1500, 1501-1502 [4th Dept 2012], lv denied 19 NY3d 1101 [2012], reconsideration denied 20 NY3d 1059 [2013]). In any event, defendant's contention lacks merit (see People v Freycinet, 11 NY3d 38, 42 [2008]; see also People v John, 27 NY3d 294, 315 [2016]; Chelley, 121 AD3d at 1506-1507; People v Acevedo, 112 AD3d 454, 455 [1st Dept 2013], lv denied 23 NY3d 1017 [2014]).
Although defendant further contends in his pro se supplemental brief that he was denied his right to be present at a material stage of the proceedings, we conclude that defendant "failed to meet his burden of coming forward with substantial evidence establishing his absence" from any material stage of the proceedings (People v Foster, 1 NY3d 44, 48 [2003]; see People v Rivera, 83 AD3d 1370, 1371 [4th Dept 2011], lv denied 17 NY3d 904 [2011]).
Finally, we reject defendant's contention in his main and pro se supplemental briefs that the sentence is unduly harsh and severe.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court